**Luther B. BREAZEALE, By and Through His Mother and Next Friend, Nancy BREAZEALE, Plaintiff–Appellant**

**v.**

**Larkin SMITH, Sheriff of Harrison County, Mississippi and Deputy Sheriff Ray C. Miller, Defendants–Appellees.**

**No. 88–4002**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1988.

Thomas E. Vaughn, Gulfport, Miss., for plaintiff-appellant.

James E. Steel, Gulfport, Miss., for defendants-appellees.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Expressly declining to impose sanctions, the district court ordered a party to this suit and that party's lawyer jointly to pay the expenses incurred by the opposing parties as a result of a delay in the trial that was occasioned by the failure of a witness to appear without fault on the part of the party or his lawyer. We hold that the district court lacked authority to exact such a payment.

I.

Relying on 42 U.S.C. § 1983, Luther B. Breazeale, a minor represented by his mother, Nancy Breazeale, sued the Sheriff and deputies of Harrison County, Mississippi, for violating his civil rights by using excessive force to arrest him. The jury returned a verdict for the defendants. This appeal concerns only the assessment of "costs" against the plaintiff's attorneys for expenses incurred by the defendants as a result of a delay in trial that required two of the defendants' out-of-town witnesses to remain in town over a weekend: the fee paid to an expert witness and the reimbursement expenses paid to a lay witness.

Trial to a jury began on Monday, September 9, 1987. While the trial judge made no findings of fact, the record reflects that on Thursday, at about 4:25 p.m., during presentation of the plaintiff's case, counsel for the plaintiff informed the court, "[W]e're out of witnesses that we have here. We have one more witness we will call. Our [out-of-] state witness could not be here because of another trial conflict." The plaintiff represents in its brief that its counsel had been advised that the witness would be available Friday afternoon but the court had another matter scheduled for Friday afternoon so it would not be possible to resume trial until Monday.

Out of the jury's presence, the court conferred with counsel about the procedure to be followed completing the trial. The court suggested that the jury hear the defendants' lay witnesses and then recess until Monday. Counsel for the defendants informed the court that defendants had "an expert sitting here from Tucson." The court then stated, "[I]f it appears that the delay ... to accommodate the plaintiff's expert has caused the trial to extend an additional day or part of a day, then I'm going to assess them with whatever—I mean I'm going to give them the option. I'm going to tell them that's what I'm going to—assess them with whatever portion of the ¢ost that is on their witness' fee...."

Counsel for the plaintiff inquired, "As I appreciate the court's ruling, now, these are not Rule 11 sanctions?" The court responded, "No. No. I'm assessing the costs. I'm not sanctioning you."

The court later summarized:

The Plaintiffs have announced that they rest their case subject to the calling of an expert who, because of prior commitments, is unavailable until Monday, today being Thursday at 4:25. And I'll allow the Plaintiffs to make that—to take that position provided that if this delay causes this trial to extend over and above that period of time that I feel it would normally have taken to be concluded, then I'll assess the Plaintiff with the appropriate additional costs. And I have

given the Defendants the option of either going forward with any proof they have at this time or reserving the right to put on their proof at the conclusion of when Plaintiff finally rests in front of the Jury.

On Monday the plaintiff rested without calling the expert witness. Counsel for the plaintiff then stated on the record, by way of explanation, "Late, late Friday, after the hours that we could reasonably catch a Judge, we were advised by our expert that he wasn't coming; period. He said he's teaching a law enforcement class in Texas, he's been in a case last week, he's now teaching a course that runs through the weekend, and he would not even be available to come here for a deposition over the weekend, and he simply wasn't going to be here. We had no prior notice of this." The court observed that counsel for the plaintiff, as officers of the court, had represented that they had tried to get the witness, "and he just refused to come." Counsel for the defendants noted that he would not question the veracity of opposing counsel, and the court said, "I wouldn't either, and I'll highlight that in the record."

The defendants proceeded to present their evidence, including the testimony of an expert witness. Thereafter, the court suggested that "the Defendants furnish the Court with the necessary documentation concerning the cost of the Defendants' expert, Mr. Blaine." Counsel for the plaintiff inquired "who's going to pay it, Your Honor ...?" "I'm going to worry about that," the court replied. "I don't think that's any of your worry, is it?"

Without assigning further reasons, the court, in addition to entering judgment for the defendants on the main demand, entered judgment in favor of the defendants and against "the Plaintiff and/or his attorneys [for] the sum of $1,638.37 due to the failure of Plaintiff's expert to appear and testify in this case, resulting in an undue delay in the trial of the case, and the resultant additional expenses and fees incurred on the part of Defendants' expert, as well as the expenses incurred by Defendants' out-of-state witnesses."

## II.

The costs statute, 28 U.S.C. § 1920, the full text of which is set forth in the footnote,[1] provides that a federal court "may tax" specified items, including witness fees, as costs against the losing party. An award of witness fees is limited, however, by three statutory provisions: a witness "shall be paid" a fee of $30 per day for court attendance;"[2] "subsistence allowance shall be paid to a witness ... when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day;[3] and "[a]ll normal travel expenses ... shall be taxable as costs."[4]

The Supreme Court held in *Crawford Fitting Company v. J.T. Gibbons, Inc.*[5] that the amount of costs taxable for expert witnesses is limited to the amounts allowable for other witnesses absent some other statutory provision, and that Fed.R. Civ.Proc. 54(d) does not extend the district court's authority to tax expert witness fees as costs. The rationale of that decision limits the district court's power to assess the expense of a witness's subsistence on

1. A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

2. 28 U.S.C. § 1821(b).

3. 28 U.S.C. § 1821(d)(1).

4. 28 U.S.C. § 1821(c)(4).

5. 479 U.S. 1080, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987).

the basis of plaintiff's delay; § 1821(d)(1) permits such an award only if the district court finds that the witness's residence is too far away from the place of trial to render commuting feasible. The district court made no such finding here. Finally, the district court's order does not purport to include any amount for the reimbursement of travel expenses actually incurred. The district court's award of witnesses' fees and expenses exceeds the amounts allowed by §§ 1821 and 1920, and the record contains no reference to any other statute or to any contract that might allow it to go beyond those limitations.

Since the district court expressly disavowed imposing these expenses as sanctions, we need not determine whether it might have done so had it thought proper. We need not, therefore, consider the effect of our interpretation of Fed.R.Civ.Proc. 11 in *Thomas v. Capital Security Services, Inc.,*[6] in which we discussed the standards for the imposition of sanctions under Rule 11.

28 U.S.C. § 1927 authorizes a court to require an attorney (but not a party) "who so multiplies the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred for such conduct." The district court made no finding, however, that the attorney was guilty of such conduct, and its comments on the record clearly indicate that it did not consider the delay to have been occasioned by improper conduct of counsel.

While federal courts possess inherently those powers " 'necessary to the exercise of all others,' " such inherent powers "must be exercised with restraint and discretion."[7] Therefore, as the Supreme Court stated in Roadway Express, Inc. v. Piper, "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel,"[8] and those inherent powers might extend to the assessment of other expenses, a question that we need not here decide. Those inherent powers arise, however, only when the litigation is instigated or conducted in bad faith or when counsel "willfully abuse judicial processes."[9] The district court's explicit finding that counsel had not acted in bad faith precludes an assessment against counsel and its implicit finding that the plaintiff had not been guilty of egregious conduct precludes an assessment against the plaintiff.

Trial courts have a responsibility to manage their dockets so as to minimize the expense that unexpected delays cause both to the judicial system and opposing parties. Their power to assess additional costs against parties or counsel as a means of docket management is, however, limited. The guilty party in this case is the witness who failed to appear, after having made a commitment to do so. The district court possessed no authority under the applicable statutes or the Rules of Civil Procedure, nor did it possess any inherent authority, to tax expenses not taxable as costs on the innocent plaintiff or his lawyer.

For these reasons, the district court judgment awarding expenses and fees to defendants is REVERSED and the case is REMANDED to determine whether any part of the amount allowed is properly taxable as costs under §§ 1920 and 1821.

REVERSED AND REMANDED.

6. 836 F.2d 866 (5th Cir.1988) (en banc).

7. *Roadway Express Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980), citing *U.S. v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812).

8. 447 U.S. at 765, 100 S.Ct. at 2463.

9. 447 U.S. at 766, 100 S.Ct. at 2464.